**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL SARAVIA ROMERO; ANGELA ORTIZ HERNANDEZ, Petitioners, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 08-71115 Agency Nos. A094-377-273 A094-812-137 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 25, 2014[**]

Before:      HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Daniel Saravia Romero and Angela Ortiz Hernandez, natives and citizens of

El Salvador, petition for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's ("IJ") decision denying their

applications for asylum and withholding of removal. We have jurisdiction under

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including adverse credibility findings. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition for review.

Romero and Ortiz do not challenge the agency's dispositive finding that their asylum applications were untimely, and that they failed to establish changed or extraordinary circumstances to excuse their untimeliness. Accordingly, we deny the petition for review as to their asylum claims.

With respect to Romero's withholding of removal claim, substantial evidence supports the agency's adverse credibility determination based on Romero's omission from his declaration that the gang members he fears are the same former guerrilla members who had previously attempted to recruit him. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination was reasonable under the "totality of circumstances"); *see also Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) ("Material alterations in the applicant's account of persecution are sufficient to support an adverse credibility finding."). Romero's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). We reject Romero's contention that the IJ did not provide a reason for her adverse credibility finding. Apart from this, Romero does not challenge the agency's dispositive adverse credibility determination. Thus, in the absence of

credible testimony, Romero's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

With respect to Ortiz's withholding of removal claim, substantial evidence supports the agency's finding that she failed to establish that a protected ground was or would be at least one central reason for her past mistreatment or fear of returning to El Salvador. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (under the REAL ID Act, a protected ground must be "one central reason" for an applicant's persecution); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Thus, Ortiz's withholding of removal claim fails.

**PETITION FOR REVIEW DENIED.**